UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND K. YI,<br><br>           Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>           Respondent. | Case No. EDCV 10-0565-AG (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

      On April 19, 2010, Raymond K. Yi ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").

      The Court's review of the Petition reveals that it is deficient because Petitioner has failed to name a proper respondent. A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). "A custodian is the person having a day-to-day control over the prisoner. That person is the only one who can produce the body of the petitioner." Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (internal quotations and citation omitted). Where a petitioner is on probation, the proper respondent is his probation officer "and the official in charge of the parole or

probation agency, or the state correctional agency, as appropriate." Ortiz-Sandoval, 81 F.3d at 894 (internal quotations and citation omitted).

Because it appears that Petitioner currently is not incarcerated, but is on probation, proper respondents in this case would be Petitioner's probation officer and the official in charge of the probation agency or state correctional agency. Id. Petitioner's failure to name a proper respondent requires dismissal of the Petition for lack of jurisdiction. See Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Accordingly, the Petition is **DISMISSED WITH LEAVE TO AMEND**. If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition no later than **May 20, 2010**. In the interest of judicial economy, the clerk is directed to return a copy of the Petition to Petitioner so that he may fill in the name of a proper respondent on page one of the petition form. Petitioner also should fill in his name as the petitioner. The Petition should be re-labeled as the "First Amended Petition."

Petitioner shall immediately notify the Court of any change to Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order. See Local Rule 41-6.

Finally, Petitioner is cautioned that his failure to file a First Amended Petition by May 20, 2010, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**

DATED: April 20, 2010          /s/ John E. McDermott
                                JOHN E. MCDERMOTT
                                UNITED STATES MAGISTRATE JUDGE